UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
IN RE:  Ronald J. and JoAnn L. Zunner

BK# 

                                    Debtor(s)

_____

CHAPTER 13 PLAN    __x__  Original    _____  Amended    Date _____

YOUR RIGHTS WILL BE AFFECTED.  Anyone who wishes to oppose any provision of this plan must file either a timely written objection or appear at the §341 Meeting of Creditors and Confirmation Hearing.  This plan may be confirmed and become binding without further notice or hearing unless written objection is filed or an objection being raised at the §341 Meeting of Creditors and Confirmation Hearing.  You must timely file a proof of claim to receive distributions under any plan that may be confirmed.

1. PAYMENT AND LENGTH OF PLAN:

Debtor shall pay $ ___404.00___ per ___month___ to the Chapter 13 Trustee immediately following the filing of the order for relief (the filing of this case) under Chapter 13 for approximately _60_ months. Other payment provisions:

_____

_____

_____

_____  All payments shall be by wage order in the amount of $ _____ from employer:

_____

_____

_____

__x__   All payments shall be made by debtor directly to the Chapter 13 Trustee.

2. CATEGORIZATION AND TREATMENT OF CLAIMS:

Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secure claims have been fully paid or in the case of a mortgage, until the mortgage has been fully satisfied.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 USC §1301, and which are separately classified (see Section 6 below) and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and Co-Obligor.

   c. All priority creditors under 11 USC §507 shall be paid in full in deferred cash payments.

3. SECURED CLAIMS

<u>Mortgages & Other Direct Payments</u>- Payable according to the terms of the mortgage or contract. <u>The debtor, during the pendency of this case and this plan, shall make the usual and regular payments directly to the creditors</u> called for by the debt instruments and security agreements supporting non-voidable liens upon debtor's property directly to each lien holder from the date of the petition as follows:

Description of Property:    388 Tremont Avenue, Kenmore, New York 14217

| Lien Holder | Value of Property | Outstanding Balance | Monthly Payment |
|---|---|---|---|
| a) HSBC | $99,000.00 | $46,428.00 | $800.00 |
| b) HSBC | $99,000.00 | $22,972.00 | $280.00 |
| c) | | | |

<u>Mortgage Arrears</u> – <u>Payable through the Chapter 13 Plan as set forth below</u>. A proof of claim filed by the creditor for a lesser amount will be paid as filed. The Trustee shall pay allowed arrears claims in equal monthly payments as indicated. Arrears claims will be paid 9% interest.

| Creditor | Arrears | Monthly Payment (made by Trustee to Creditor) |
|---|---|---|
| a) HSBC | $10,000.00 | $200.00 |
| b) HSBC | $4,000.00 | $100.00 |

<u>Avoidance of Mortgage and Other Property Liens</u> – Debtor shall file a separate motion under applicable Bankruptcy law to avoid the following liens. Any claim (or portion of claim) on which the lien is avoided shall be treated as an unsecured claim in the debtors Chapter 13 Plan.

Description of Property: _____

| Lien Holder | Value of Property | Claim Amount | Amount to be voided |
|---|---|---|---|
| a) | | | |
| b) | | | |
| c) | | | |

<u>Secured Claims</u>

    a. <u>Pre-Confirmation Adequate Protection Payments</u>. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property <u>shall be paid by the Trustee through the plan as provided below.</u> The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted. This section is intended to satisfy the statement requirement in the Standing Order of the Western District of New York dated October 12, 2005. Unless stated specifically below, the adequate protection payment was calculated by using the retail value pursuant to 11 USC §506 without interest, divided by 60.

| Creditor | Collateral | Pre-Confirmation Monthly (to be made by Trustee to creditor) |
|---|---|---|
| a) None | | |
| b) | | |
| c) | | |

d)

    b. <u>Other Secured Claims and Motions to Value Collateral</u> – Debtor moves to value collateral as indicated. <u>The Trustee shall pay allowed secured claims in equal monthly payments as indicated.</u> The holder of any claim secured by property of the estate, other than a mortgage treated above, shall retain the lien until payment of the filed claim in full or discharge under Chapter 13, whichever occurs first. Secured claims will be paid 9% interest.

| Creditor | Collateral | Secured Claim | Monthly Payment (made by Trustee to creditor) |
|---|---|---|---|
| a) None | | | |
| b) | | | |
| c) | | | |
| d) | | | |

4. PRIORITY CLAIMS – All allowed priority claims pursuant to 11 U.S.C. Sec. 507 will be paid in full unless the creditor agrees otherwise:

| <u>Attorney's fees</u> | Total Charged | Amount owed in plan | Monthly Payment |
|---|---|---|---|
| | $ 3,524.00 | $ 2,524.00 | $ 120.00 |

<u>Domestic Support Obligations</u>

    a. <u>Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim</u>.

    b. The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 USC §§101(14A) and 1302(b)(6).

        None

    c. Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 USC §507(a)(1) will be paid in full pursuant to 11 USC §1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts. <u>The Trustee shall pay allowed arrears claims in monthly payments as indicated.</u>

| Creditor | Arrears | Monthly Payment |
|---|---|---|
| a) None | | |
| b) | | |

    d. Pursuant to §§507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

        Claimant and proposed treatment: _____

Other Priority Creditors

      Creditor                                            Claim Amount

a) None

b)

c)

d)

5. UNSECURED CLAIMS – General unsecured claims (i.e. claims not entitled to priority or separately classified below) will be paid as follows:

\_\_\_\_\_ Not less than $ _____ to be distributed pro rata

\_\_x\_\_ Not less than \_\_5\_\_ percent

\_\_\_\_\_ Pro-rata distribution from any remaining funds

6. SEPARATELY CLASSIFIED UNSECURED CLAIMS:

      Creditor                    Reason for special treatment                  Claim Amount

a) None

b)

7. EXECUTORY CONTACTS AND UNEXPIRED LEASES:

All executory contracts and unexpired leases are rejected; except the following assumed items:

Other party to
Contract or Lease                    Property Description               Treatment by Debtor

a) None

b)

8. SURRENDER OF PROPERTY – The debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral.

      Creditor                            Collateral to be Surrendered

a) None

b)

9. VESTING AND POSSESSION OF PROPERTY – All of the Debtor's wages and property, of whatever nature and kind and wherever located, shall remain under the exclusive jurisdiction of the Court; and title to all of the Debtor's property, of whatever nature and kind and wherever located, shall vest in the Debtor upon confirmation of this Plan pursuant to the provisions of 11 U.S.C. §1327.

10. PAYMENTS FROM THE PLAN FUND WILL BE MADE IN THE FOLLOWING ORDER:

(1) Filing fee to the Clerk of the Court, U.S. Bankruptcy Court (if unpaid);

(2) Retain at all times sufficient funds to pay all other accrued administrative expenses;

(3) Secured claims;

(4) Domestic Support Obligations;

(5) The unpaid balance of the above described fee to the debtor's attorney;

(6) Priority claims;

(7) Unsecured claims.

11. DEBTOR'S DUTIES:

In addition to the duties and obligations imposed upon Debtor by the Bankruptcy Code and Rules, Local Rules, and the Order of Confirmation, this plan imposes the following requirements on Debtor:

(A) Transfers of Property and New Debt. Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of Debtor's business affairs, without first obtaining court authorization. Except as provided in 11 U.S.C. §364 and §1304, Debtor shall not incur aggregate new debt of $500 or more without prior approval of the Trustee or the Court, except such debt as may be necessary for emergency medical care, unless such prior approval can not reasonably be obtained.

(B) Insurance. Debtor shall maintain insurance as required by any law, contract, or security agreement.

(C) Support Payments. Debtor shall maintain ongoing child or spousal payments directly to the recipient pursuant to a separation agreement, divorce decree, or other court order.

(D) Compliance with Non-Bankruptcy Law. Debtor shall comply with applicable non-bankruptcy law in the conduct of his financial and business affairs. This includes the timely filing of tax returns and payment of taxes.

(E) Periodic Reports. Upon the Trustee's request, Debtor shall provide the Trustee with a copy of any tax return, W-2 or 1099 form, filed or received while the case is pending.

/s/ Ronald J. Zunner    10/1/12                /s/ JoAnn L. Zunner    10/1/12
_____            _____
Ronald J. Zunner              date             JoAnn L. Zunner                date

Attorney for debtor(s):

/s/ Paul M. Pochepan
_____
PAUL M. POCHEPAN, ESQ.
JEFFREY FREEDMAN ATTORNEYS AT LAW
424 Main Street, Suite 622
Buffalo, New York  14202
(716) 856-7091

CHAPTER 13 PLAN SUMMARY

DEBTORS: Ronald J. and JoAnn L. Zunner

| | | |
|---|---|---|
| Balance of Attorney Fees to be paid in Plan | | $2,524.00 |
| Domestic Support Arrears | | |
| Priority Debt | | |
| Priority Debt | | |
| 1st Mortgage Arrears | $10,000.00 x 9% x 60mos. | $12,455.00 |
| 2nd Mortgage Arrears | $4,000.00 x 9% x 60mos. | $4,980.00 |
| Automobile Loan #1 | | |
| Automobile Loan #2 | | |
| Miscellaneous Secured Debt | | |
| Miscellaneous Secured Debt | | |
| Unsecured Debt | $42,064.00 x 5% | $2,103.00 |
| Trustee's Commission (10.0%) | | $2,206.00 |
| Total of all funds to be paid through the Chapter 13 Plan | | $24,268.00 |
| Number of months that Plan will last | | 60 |
| Total amount to be paid each month under Plan | | $404.00 |
| Debtor(s) or debtor's employer shall pay to the Trustee the sum of on a bi-weekly basis | | $186.00 |

Pursuant to 11 U.S.C. a Chapter 13 plan may not extend over five (5) years.